Dear Ms. Margaret R. Myers, Chair Mr. Stuart M. Bounds, President
You have asked for our opinion about the law governing the four-year terms of members of the Board of Trustees of Chesapeake College. In particular, you ask whether a trustee's term ends automatically four years from the day of the trustee's appointment or whether the trustee continues to serve until a successor is appointed and qualified.
In our opinion, a trustee continues to serve after the expiration of four years until a successor is appointed and qualifies under the law.
 I Statutory Provisions
Title 16 of the Education Article ("ED") of the Annotated Code of Maryland provides for the governance of local community colleges. Subtitle 1 sets forth provisions generally applicable to all community colleges; other subtitles contain provisions specific to particular colleges. Subtitle 4 contains special provisions relating to community colleges in the counties.
 A. General Provisions Concerning Community College Boards
State law provides for a board of community college trustees in each county with a community college. ED § 16-101(a). As a general rule, a board consists of seven members appointed by the Governor with the advice and consent of the Senate. ED § 16-101(c).
A trustee serves a term of six years from July 1 of the year of appointment "and until a successor is appointed and qualifies." ED § 16-101(d)(1). Terms of the trustees are to be staggered. Id. A trustee may be reappointed following expiration of a term. ED § 16 — 101(d)(3). These provisions pertain to all of the community colleges in the counties "except as provided in subtitle 4 of this title." ED § 16-101(c), (d). Certain provisions specific to Chesapeake College appear in subtitle 4.
 B. Provisions Specific to Chesapeake College
Under the provisions specific to the Chesapeake College Board of Trustees, the size of the board, length of terms, and mode of appointment are somewhat different from the general provisions concerning community colleges. See ED § 16-406. As noted above, these provisions override any inconsistent provisions of ED § 16 — 101(c) and (d).
The Chesapeake College Board is to consist of two members from each county that supports the College, rather than seven members. ED § 16-406(a). The members are to be appointed by the Governor with the advice and consent of the House of Delegates, instead of the Senate. Id. Board members serve four-year terms instead of six-year terms. ED § 16-406(b)(1). While the general law allows members to be reappointed without limit, the law governing Chesapeake College limits a Board member to three four-year terms. ED § 16-406(b)(2).
ED § 16-406 is silent on whether a trustee whose term has expired continues to serve until a successor is appointed. You have asked whether this silence signifies that board members cease to serve upon the expiration of four years or that a trustee continues to serve until a successor is appointed and qualifies pursuant to ED § 16-101.
 II Analysis
Under the common law rule, an appointed officer remains in office at the expiration of a term and may continue to exercise the powers of that office until a successor qualifies. Reed v. President Commissioners, 226 Md. 229, 242-43, 172 A.2d 536 (1961); Benson v. Mellor, 152 Md. 481, 137 A. 294 (1927); see also 79 Opinions of the Attorney General 438, 439-40 (1994). The policy underlying this rule is that a public office should be filled without interruption, unless the Legislature clearly indicates a contrary intention. Benson, 152 Md. at 486-87.
The legislative history of the State's community college law demonstrates that the General Assembly has affirmed, rather than overridden, the common law rule in this context. The Legislature first created the Chesapeake College Board of Trustees in 1974.
Chapter 761, Laws of Maryland 1974, then codified at Annotated Code of Maryland, Article 77A, § 3A. At that time the law provided, as it does today, that trustees served for four-year terms. It also specifically stated that "a member serves until his successor is appointed and qualified." Article 77A, § 3A(c) (1974).
Four years later, the Legislature consolidated various laws, including those relating to community colleges, in the new Education Article of the Annotated Code of Maryland. Chapter 22, Laws of Maryland 1978. The special provision concerning the Chesapeake College Board of Trustees was then recodified as ED § 16-507. Id., § 2. The code revisors eliminated much of the language of the section that governed the Chesapeake College Board of Trustees, including the sentence that provided that a member serves until a successor is appointed. The Revisor's Note explained:
 The balance of present Art. 77A, § 3A(c), which specifies that the terms of Board members are staggered, that a member serves until his successor is appointed, that an appointment to an unexpired term is only for the remainder of that term, and that a member may be reappointed, is deleted as unnecessary in light of the similar, generally applicable provisions in § 16-201 of this title.
Chapter 22, Laws of Maryland 1978 at p. 379 (emphasis added).[1]
Thus, the 1978 revision of the section governing the College's Board was not meant to change the rule that a trustee serves until a successor is appointed and qualifies. Moreover, there is a presumption that code revision does not effect a substantive revision of the law. Maryland Division of Labor Industry v. Triangle General Contractors, Inc., 366 Md. 407, 422-23,784 A.2d 534 (2001). No subsequent amendment of ED § 16-406 or other provisions concerning the Chesapeake College Board of Trustees indicates any legislative intent to prohibit a trustee from holding over until a successor is appointed.
In sum, the qualifying introductory phrase "except as provided in subtitle 4" that appears in ED § 16-101(c) and (d) should be applied as follows.
 If a provision of subtitle 4 explicitly addresses a particular topic, subtitle 4 prevails over any contrary provision in ED § 16-101(c) and (d). If subtitle 4 is silent on the particular topic, the provisions set forth in ED § 16-101(c) and (d) remain effective.
 III Conclusion
In our opinion, a trustee continues to serve after the expiration of four years until a successor is appointed and qualifies under the law.
 J. Joseph Curran, Jr. Attorney General
 Robert N. McDonald Chief Counsel Opinions Advice
[1] ED § 16-507 was later renumbered as the current ED § 16-406, and ED § 16-201 was later renumbered as the current ED § 16-101. See Chapter 10, § 16, Laws of Maryland 1996. *Page 22